```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                      CHARLESTON

DONALD L. JARRELL,

        Plaintiff,

v.                                    CASE NO. 2:04-cv-00814

JO ANNE BARNHART,
Commissioner of Social Security,

        Defendant.
```

### PROPOSED FINDINGS AND RECOMMENDATION

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. This case was referred to this United States Magistrate Judge by standing order to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending before the court are Plaintiff's Motion for Judgment on the Pleadings or in the Alternative for Remand and Defendant's Motion for Judgment on the Pleadings.

Plaintiff, Donald L. Jarrell (hereinafter referred to as "Claimant"), filed an application for DIB on May 8, 2002, alleging disability as of November 1, 2001, due to a pituitary tumor with spinal fluid leak after surgery and migraine headaches. (Tr. at

46-48, 73, 94.)   The claim was denied initially and upon reconsideration.  (Tr. at 32-35, 38-39.)  On November 4, 2002, Claimant requested a hearing before an Administrative Law Judge ("ALJ").  (Tr. at 40.)  The hearing was held on April 21, 2003, before the Honorable David Antrobus. (Tr. at 261-82.) By decision dated June 17, 2003, the ALJ determined that Claimant was not entitled to benefits.  (Tr. at 14-22.)  The ALJ's decision became the final decision of the Commissioner on June 2, 2004, when the Appeals Council denied Claimant's request for review.  (Tr. at 5-8.)  On August 2, 2004, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability.  See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972).  A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims.  20 C.F.R. § 404.1520 (2003).  If an individual is found "not disabled" at any step, further inquiry is unnecessary.  Id. § 404.1520(a).  The first inquiry under the sequence is whether a claimant is currently

engaged in substantial gainful employment.  Id. § 404.1520(b).  If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment.  Id. § 404.1520(c).  If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4.  Id. § 404.1520(d).  If it does, the claimant is found disabled and awarded benefits.  Id.  If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work.  Id. § 404.1520(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability.  Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981).  The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 404.1520(f) (2003).  The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy.  McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined under the first

3

inquiry that Claimant engaged in substantial gainful activity after his onset date of November 1, 2001, continuing through March 27, 2002, but not thereafter. (Tr. at 15-16.) Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of headaches secondary to status post craniotomy and chronic obstructive pulmonary disease. (Tr. at 16.) At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 16.) The ALJ then found that Claimant has a residual functional capacity for sedentary work, reduced by nonexertional limitations. (Tr. at 19.) As a result, Claimant cannot return to his past relevant work. (Tr. at 19.) Nevertheless, the ALJ concluded that Claimant could perform jobs such as surveillance system monitor, price marker and telephone solicitor, which exist in significant numbers in the national economy. (Tr. at 20.) On this basis, benefits were denied. (Tr. at 21.)

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In Blalock v. Richardson, substantial evidence was defined as

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the

> case before a jury, then there is 'substantial evidence.'"

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Cellebreze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner in this case is not supported by substantial evidence.

<u>Claimant's Background</u>

Claimant was thirty-three years old at the time of the administrative hearing. (Tr. at 264.) Claimant attended school through the eleventh grade. (Tr. at 265.) In the past, he worked as a janitor, tire technician and cook/bartender. (Tr. at 265.)

<u>The Medical Record</u>

The court has reviewed all evidence of record, including the medical evidence of record, and will discuss it further below as necessary.

<u>Claimant's Challenges to the Commissioner's Decision</u>

Claimant asserts that the Commissioner's decision is not supported by substantial evidence because (1) the ALJ failed to

5

identify all of Claimant's severe impairments; (2) the ALJ failed to consider whether Claimant met or equaled Listings 11.05 and 12.04; (3) the ALJ erred in his pain and credibility analysis and in his ultimate finding regarding Claimant's residual functional capacity; and (4) the ALJ failed to consider all of Claimant's impairments in posing a hypothetical question to the vocational expert. (Pl.'s Br. at 5-22.)

The Commissioner argues that (1) substantial evidence supports the Commissioner's decision that Claimant was not disabled; (2) substantial evidence supports the ALJ's determination that Claimant did not meet the applicable listings; and (3) substantial evidence supports the ALJ's determination that Claimant's carpal tunnel syndrome and depression were not severe impairments. (Def.'s Br. at 11-15.)

The court proposes that the presiding District Judge find that the ALJ's decision is not supported by substantial evidence because the ALJ's hypothetical question at the administrative hearing did not include all the limitations found by the ALJ in his residual functional capacity finding within his written decision. In his residual functional capacity finding, the ALJ limited Claimant to sedentary work, further reduced by the following nonexertional impairments:

> he can perform only simple, routine tasks that do not require sustained concentration. He cannot work around hazards such as heights and/or moving/dangerous machinery. He can tolerate only low to medium levels of

>    stress and cannot perform work requiring sustained
>    detailed/fine visual acuity.

(Tr. at 19.) The ALJ made similar findings in the numbered findings at the end of his decision. (Tr. at 21.)

The ALJ posed the following hypothetical question at the administrative hearing:

>    Okay. I want you to assume that I would find that he
>    would have the residual functional capacity to perform
>    sedentary work activity, has a limited education, in the
>    past has performed some semiskilled work, does not
>    possess residual transferable skills, and under the
>    applicable rule and regulation would be found not
>    disabled. In addition I want you to assume that I find
>    that he has non-exertional impairments, specifically [he
>    is] status post-op for a spinal leak, pituitary tumor,
>    and experiences pain in the area of the head, back, and
>    neck. He also experiences mental depression, has some
>    decrease of visual acuity and dizziness. Now, assume on
>    the one hand that I would find that the non-exertional
>    impairments would exist and occur with such frequency and
>    severity so as to preclude sustained physical and mental
>    activities on his part. On the other hand assume I would
>    find that they would be of a mild to moderate nature and
>    not as severe as I've just described to you. Now, in
>    light of that criteria and that alternative, could he do
>    any of the jobs indicated in the regulations?

(Tr. at 279.) In response, the vocational expert testified that there would be no jobs under the first alternative, where Claimant's impairments exist with such frequency so as to preclude all activities, but that Claimant could perform the sedentary jobs of surveillance monitor, price marker and telephone solicitor if his impairments were only mild to moderate in nature. (Tr. at 280.)

Notably absent from the ALJ's hypothetical question are the

limitations that he can perform only simple, routine tasks that do not require sustained concentration, that he cannot work around hazards such as heights and/or moving or dangerous machinery and that Claimant can tolerate only low to medium levels of stress.  In addition, although the ALJ included the limitation in his hypothetical question that Claimant had "some decrease of visual acuity and dizziness" in his hypothetical question, the ALJ found in his decision that Claimant "cannot perform work requiring sustained detailed/fine visual acuity."  (Tr. at 19, 279.)

To be relevant or helpful, a vocational expert's opinion must be based upon consideration of all evidence of record, and it must be in response to a hypothetical question which fairly sets out all of the claimant's impairments.  Walker v. Bowen, 889 F.2d 47, 51 (4th Cir. 1989).  Because the hypothetical question in this case omitted limitations found by the ALJ in his residual functional capacity finding, the court proposes that the presiding District Judge remand this matter for further proceedings.

The court makes no recommendation regarding the additional arguments raised by Claimant.  Instead, they can be addressed on remand.

For the reasons set forth above, it is hereby respectfully RECOMMENDED that the presiding District Judge GRANT the Plaintiff's Motion for Judgment on the Pleadings or in the Alternative for Remand to the extent he seeks remand and otherwise DENY his Motion,

DENY the Defendant's Motion for Judgment on the Pleadings, REVERSE the final decision of the Commissioner, and REMAND this case for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g) and DISMISS this matter from the court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby FILED, and a copy will be submitted to the Honorable John T. Copenhaver, Jr.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 846 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Copenhaver, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to counsel of record.

   August 2, 2005                    *Mary E. Stanley*
      Date                        Mary E. Stanley
                                  United States Magistrate Judge